**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES LEE TURNER, 1219440,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-504-K** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

## I.  Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional

Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. §

2254.  Respondent is Rick Thaler, Director of TDCJ-CID.

## II.  Background

Petitioner challenges his conviction for aggravated robbery.  *State of Texas v. James Lee

Turner*, No. F04-00096 (2nd Crim. Dist. Ct., Dallas County, Tex., Feb. 6, 2004).  On June 29,

2005, Petitioner's conviction and sentence were affirmed on direct appeal.  *Turner v. State*, No.

05-04-00282-CR (Tex. App. – Dallas, pet. ref'd).  On April 6, 2005, the Texas Court of Criminal

Appeals denied Petitioner's petition for discretionary review.  *Turner v. State*, PDR No. 0080-05.

On December 8, 2006, Petitioner filed a state habeas petition.  *Ex parte Turner*, No. 71,132-01.  On January 14, 2009, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On January 19, 2009, Petitioner filed this federal petition for habeas relief.  Petitioner argues:

(1)     he received ineffective assistance of counsel when counsel failed to object to the court stacking his two sentences;

(2)     the prosecutor committed misconduct when he requested stacking of the sentences;

(3)     the trial court violated Petitioner's rights by waiving a jury;

(4)     the prosecutor committed misconduct by using hearsay and perjured testimony;

(5)     the in-court identification violated Petitioner's rights;

(6)     Petitioner is actually innocent;

(7)     Petitioner received ineffective assistance of counsel when his counsel failed to object to the in-court identification.

The Court now finds the petition should be dismissed as time-barred.

## II.  Discussion

### A.      Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  28 U.S.C. § 2244(d)(1)(A).[1]  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

On April 6, 2005, the Texas Court of Criminal Appeals denied the petition for discretionary review.  The conviction became final ninety days later, on July 5, 2005.  *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues).  Petitioner then had one year, or until July 5, 2006, to file his

---

[1]The statute provides that the limitations period shall run from the latest of--

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On December 8, 2006, Petitioner filed a state habeas petition. This petition was filed after the one year limitations expired. It therefore did not toll the limitations period. Petitioner's federal petition was due by July 5, 2006. He did not file his petition until January 19, 2009. The petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he tendered his state habeas petition to prison officials on April 2, 2006, but it was not filed by the state court until December 8, 2006. To the extent Petitioner argues his petition should be considered filed at the time he tenders his state petition to prison officials, this claim is without merit. Although federal pleadings are considered filed on the date the prisoner gives his pleading to prison officials, the

Fifth Circuit has held that the mailbox rule does not extend to filing dates for state habeas applications. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007). "Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1). *Coleman*, 184 F.3d at 402.

In this case, Petitioner dated his state habeas petition as April 2, 2006. It was not file-stamped in the state court until December 8, 2006. Respondent has submitted the prison mail logs from April 1, 2006, through December 8, 2006. The records show Petitioner made one legal mailing during this time. The item was mailed on November 21, 2006, to the Dallas County District Clerk. (Oct. 20, 2011 Resp. Ex. A.) Although Plaintiff claims the mail logs are falsified, this conclusory claim fails to establish he is entitled to equitable relief. Petitioner's claims should be denied.

## RECOMMENDATION:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 21st day of November, 2011.

**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).